the question. When an issue is resolved by further instructions from the court, that procedure insures that misconceptions are not permitted to infect the deliberative process. On the other hand, when a jury is left to its own devices to interpret a written instruction, the possibility of a misconception is significantly enhanced. Moreover, the submission of written instructions would tend to encourage the jury to ignore the court's general instruction and focus upon the written instructions supplied to them. This undue emphasis on portions of the charge has the potential of undermining the integrity of the deliberative process.[3]

Accordingly, the order of the Superior Court is reversed and the matter is remanded for a new trial.

McDERMOTT, J., concurs in the result.

---

568 A.2d 1241

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory Paul McMILLEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 25, 1989.

Decided Jan. 31, 1990.

---

**3.** This Court recognizes that other jurisdictions have addressed this same issue with varying alternative resolutions, including permitting written instructions only when requested by both parties; allowing summary of oral instructions; and requiring that a judge read the written instructions to the jury prior to deliberation. For a full discussion on the issue of written jury instructions, see, Annot., 91 ALR 3d 382.

48

Daniel E. Houlihan Lope & Criss, Zelienople, for appellant.

David L. Cook, Dist. Atty., Butler, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM.

This appeal is dismissed as having been improvidently granted.

LARSEN, J., dissents.

568 A.2d 1242

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Joseph WARD, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued May 5, 1989.

Decided Jan. 31, 1990.